THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

ANTONIA ROTA-McLARTY
6941 Red Clay Forge, #210
Elkridge, MD 21075,

                Plaintiff,

    v.

DRIVE FINANCIAL SERVICES, L.P.
Suite 1100 N
8585 N. Stemmons Freeway
Dallas, TX 75247

                Defendant.

Civil Action
No. _____

## NOTICE OF REMOVAL

      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Santander Consumer USA, Inc.

("Santander"),[1] by and through its undersigned counsel, hereby gives notice of removal

of the putative class action captioned Rota-McClarty v. Drive Financial Services, L.P.,

Civil Action No. C-10-081550 OC (the "Rota-McClarty Action"), currently pending in

the Circuit Court for Howard County, Maryland, to the United States District Court for

the District of Maryland.

      In support of this Notice of Removal, Defendant states:

---

[1] Santander Consumer USA, Inc. is the successor by mergers to Drive Financial Services, L.P., the defendant named by Plaintiff in her state court complaint.  Drive Financial Services, Inc., L.P. no longer exists as a distinct legal entity.

## I.       GROUNDS FOR REMOVAL

1.       28 U.S.C. § 1441(a) establishes when an action commenced in state court is removable, providing in relevant part that:

> any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2.       Both this Court's subject matter jurisdiction and the Defendant's basis for removal are grounded upon diversity of citizenship.  See 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").  CAFA provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  Id. § 1332(d)(2).

**A.       The Rota-McClarty Action Is a Class Action.**

3.       CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  Id. § 1332(d)(1)(B).

4.       The Rota-McClarty Action is styled as a Class Action Complaint and Jury Demand.  It alleges, on behalf of Plaintiff and "a class of similarly situated Maryland consumers," violations of three Maryland statutes: the Credit Grantor Closed End Credit Provisions ("CLEC"), Md. Comm. Law Code Ann. § 12-1001 et seq. (Count I); the Consumer Debt Collection Act ("CDCA"), Md. Comm. Law Code Ann. § 14-201 et seq.

(Count II); and the Maryland Consumer Protection Act, Md. Comm. Law Code Ann. §

13-301 et seq. (Count III).

5.     The purported class is defined as:

> All Maryland residents who purchased motor vehicles and
> financed their purchases with Drive Financial Services, LP, and
> whose loans were still unsatisfied as of September 10, 2009.  The
> class includes a subclass of Maryland residents whose motor
> vehicles were repossessed by or on behalf of Drive on or after
> March 10, 2006.

Compl. ¶ 27.

6.     Santander has not had sufficient time to complete its analysis of the

potential class and specifically denies that Plaintiff has properly identified a viable class,

but the data reviewed to date indicate that Plaintiff maintains or has maintained financing

for approximately 3,400 individuals fitting Plaintiff's class description.  The outstanding

amount financed on those accounts exceeds fifty million dollars ($50,000,000).

**B.     The Amount in Controversy Exceeds $5,000,000.**

7.     CAFA provides that "the claims of the individual class members shall be

aggregated to determine whether the matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

8.     Plaintiff does not specify an amount in controversy, but seeks damages on

behalf of herself and other consumers similarly situated under various theories relating to

the financing of motor vehicles with Defendant, based on the allegation that "it is

[Defendant's] policy to require that additional sums be paid above the regular sales price,

in order for [Defendant] to approve the financing."  Compl. ¶ 12.  Plaintiff seeks damages

relating to these alleged additional required sums for, inter alia, "all amounts collected by

[Defendant] in hidden interest charges."  Id. ¶ 50.  Plaintiff also seeks "statutory damages

as may be permitted" under CLEC, including "treble damages for interest, fees and other charges." Id. ¶ 44.

9.    Plaintiff alleges that the additional, "up-front finance charge" that she was "required to purchase" on her motor vehicle, in violation of CLEC, was $1,409.  Id. ¶¶ 11, 13.

10.    Making calculations based on the allegation in Plaintiff's complaint that other members of the putative class were subject to similar required finance charges, these charges would be 3,400 times $1,409, which equals $4,790,600.   Three times these charges amounts to approximately $14,371,800.

11.    The above calculations do not take into account some of Plaintiff's other allegations with respect to damages, including for example that she and other members of the putative class suffered damages in the amount of her ($5,000) and their respective down payments.  See, e.g., Compl. ¶¶ 14, 44.  Thus, while Santander has not had sufficient time to complete its analysis of the potential class and specifically denies that Plaintiff has properly identified a viable class, it is nevertheless clear that the amount in controversy exceeds $5,000,000.

**C.    The Parties Are Citizens of Different States.**

12.    Plaintiff Antonia Rota-McClarty is a citizen of the State of Maryland.  See Compl. ¶ 1.

13.    Defendant Santander Consumer USA, Inc. is a corporation organized under the laws of the state of Illinois with its principal place of business in Dallas, Texas. Accordingly, for removal purposes, Defendant is a citizen of the states of Illinois and Texas.

14.    Defendant is not currently a citizen of Maryland and was not a citizen of Maryland when the initial pleading in this case was filed.

15.    Because Plaintiff is a citizen of a state different from Defendant, diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

**D.    None of the CAFA Exceptions Apply.**

16.    CAFA provides that a district court may decline jurisdiction over a class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." Id. § 1332(d)(3).

17.    CAFA further provides that a district court "shall decline to exercise jurisdiction" over a class action in two instances: First, in a class action in which "(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least one defendant is a defendant—(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed . . . ." Id. § 1332(d)(4)(A). Second, in a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Id. § 1332(d)(4)(B).

18.    This action was originally filed in the state of Maryland.

19.     The Defendant is not a citizen of Maryland and was not a citizen of Maryland when the initial pleading in this case was filed.  Accordingly, none of the potential exceptions to removal enumerated in 28 U.S.C. § 1332(d)(3)-(4) are applicable.

## II.     REMOVAL IS TIMELY

20.     28 U.S.C. § 1446 establishes the time frames and procedure for proper removal of an action.

21.     28 U.S.C. § 1446(b) sets forth, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendants, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim for relief upon which such action or proceeding is based
> . . . .

22.     A copy of Plaintiffs' initial pleading was received by Defendant on or about March 16, 2010.  Thus, this Notice of Removal has been timely filed.

## III.     ALL PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

23.      Plaintiff's Class Action Complaint and Jury Demand, as well as the service, summons, and state court Scheduling Order papers related thereto (collectively attached as Exhibit A) constitute "all process, pleadings, and orders served" upon Defendant to date.  28 U.S.C. § 1446(a).

24.     All adverse parties to this action have been provided with written notice of the filing of this removal, as provided by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

25.     As provided by 28 U.S.C. § 1446(b), Defendant will cause to be filed with the Circuit Court for Baltimore County, Maryland a copy of this Notice of Removal promptly after filing in this Court.

WHEREFORE, Defendant respectfully requests that this action be removed from the Circuit Court for Howard County, Maryland, to the United States District Court for the District of Maryland.

Respectfully submitted,

SANTANDER CONSUMER USA, INC.,

By its attorneys,

/s/ William Rudow_____
William Rudow (Bar No. 09937)
RUDOW LAW GROUP LLC
5603 Newbury Street
Baltimore, MD 21209-3603
(410) 542-6000
WilliamRudow@RudowLaw.com

Date: April 12, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on April <u>13</u>, 2010, I caused a true and correct copy of the

foregoing document to be delivered to the following attorneys by United States first class

mail, postage prepaid:

| | |
|---|---|
| Bernard T. Kennedy | Thomas J. Minton |
| P.O. Box 657 | Goldman & Minton, P.C. |
| Edgewater, MD 21037 | 20 South Charles St., Suite 1201 |
| | Baltimore, MD 21201 |


<pre>
                    William M. Rudow
</pre>


BOS111 12474961.2