THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ANTONIA ROTA-McLARTY<br>6941 Red Clay Forge, #210<br>Elkridge, MD 21075,<br><br>     Plaintiff,<br><br>  v.<br><br>DRIVE FINANCIAL SERVICES, L.P.<br>Suite 1100 N<br>8585 N. Stemmons Freeway<br>Dallas, TX 75247<br>     Defendant. | Civil Action: No. 1:10-CV-00908-WDQ |

## ANSWER OF SANTANDER CONSUMER USA, INC.

Santander Consumer USA, Inc. ("Santander") as the successor by multiple mergers to Drive Financial Services, LP, by its attorneys, answers the Class Action Complaint filed by Plaintiff, Antonia Rota-McLarty ("Plaintiff" or "Rota-McLarty") as follows:

## As to the General Allegations:

1.  Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.  Santander admits that Drive Financial Services, LP ("Drive") was a limited partnership, with its home office in the State of Texas. Drive was formerly registered with the Maryland State Department of Assessments and Taxation, but since Drive no longer exists as an independent legal entity, it is no longer registered with Maryland State authorities. Santander denies all other allegations contained in Paragraph 2 of the Complaint.

3.      Santander denies the allegations contained in Paragraph 3 of the Complaint but admits that both Drive and it were, and it remains, engaged in the business of acquiring installment sale contracts for the purchase of automobiles from automobile dealers in Maryland and elsewhere.

4.      Santander denies the allegations contained in Paragraph 4 of the Complaint, but admits that in the normal course of their businesses, both Drive and Santander obtained security interests in vehicles covered by the installment sale contracts that they acquired, and from time to time, in appropriate circumstances, following an uncured event of default on an installment sale contract, both Drive and Santander took possession of and sold vehicles in which they had a security interest.

5.      Santander denies the allegations contained in Paragraph 5 of the Complaint.

6.      Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Santander denies the allegations contained in Paragraph 12 of the Complaint.

13.     Santander denies the allegations contained in Paragraph 13 of the Complaint.

14.     Santander admits that Plaintiff's Retail Installment Sale Contract indicates that the total amount financed pursuant to the contract was $19,261.   Santander denies all other allegations contained in Paragraph 14 of the Complaint.

15.     Santander admits that Plaintiff's Retail Installment Sale Contract indicates that the total amount financed was $19,261, at an annual interest rate of 24%, so that if the contract was paid off without any intervening penalty, at the maturity date, the payments made would total $33,237.  Santander denies all other allegations contained in Paragraph 15 of the Complaint.

16.     Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Santander lacks knowledge or information sufficient to form a belief as to the allegation that Rota-McLarty informed Drive that she had returned her car to Easterns Automotive Group.  Santander admits all other allegations contained in Paragraph 18 of the Complaint.

19.     Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Santander admits that Drive sent written notices to Plaintiff and that but for the redaction of the account number and the addition of an exhibit sticker, the document attached to

the complaint as Exhibit 1 is a true copy of one such notice.  Santander admits that the quoted language in Paragraph 21 accurately reflects a portion of the text of Exhibit 1.  Santander lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 21 of the Complaint.

22.     Santander admits the allegations contained in Paragraph 22 of the Complaint.

23.     Santander admits that in appropriate circumstances, Drive incorporated portions of the notice attached to the Complaint as Exhibit 1 in notices sent to other Maryland residents.  Santander lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 23 of the Complaint.

24.     Exhibit 1 to the Complaint speaks for itself.  Therefore, no further answer is required.  To the extent that a further answer is required, Santander admits that the text of Exhibit 1 does not provide information regarding the method by which the collateral was disposed of, whether by public sale, private sale or otherwise.

25.     Exhibit 1 to the Complaint speaks for itself.  Therefore, no further answer is required.  To the extent that a further answer is required, Santander admits that nothing in the text of Exhibit 1 indicates that Plaintiff received a credit for the unused portion of the service contract that she purchased.  Santander denies all other allegations contained in Paragraph 25 of the Complaint.

26.     Exhibit 1 to the Complaint speaks for itself.  Therefore, no further answer is required.  To the extent that a further answer is required, Santander admits that Exhibit 1 does not show how the finance charge was computed nor does Exhibit 1 itemize or explain "miscellaneous fees."  Santander denies all other allegations contained in Paragraph 26 of the Complaint.

27.     Santander lacks knowledge or information sufficient to form a belief as to Plaintiff's motivation in bringing this action.  Santander denies that this action is suitable for treatment as a class action and denies that any class should be certified in this case.  To the extent that Paragraph 27 asserts facts relating to purported class members other than Rota-McLarty, Santander lacks knowledge or information sufficient to form a belief as to the truth of those facts.

28.     Santander admits that, as pled, the Class is so numerous as to make joinder of all members impractical.  Santander denies that this action is suitable for treatment as a class action and denies that any class should be certified in this case.  Santander lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 28 of the Complaint.

29.     Santander denies the allegations contained in Paragraph 29 of the Complaint.

30.     Santander denies the allegations contained in Paragraph 30 of the Complaint.

31.     Santander denies the allegations contained in Paragraph 31 of the Complaint.

32.     Santander denies the allegations contained in Paragraph 32 of the Complaint.

33.     Santander admits that it possesses name and address information (which may or may not be accurate) for all members of the putative class.  Santander denies all other allegations contained in Paragraph 33 of the Complaint and specifically denies that a class action is a superior method for the prosecution of this action.

34.     Santander admits that Plaintiff seeks declaratory and injunctive relief on her own behalf and on behalf of the putative class but denies that either the Plaintiff or any other putative class members are entitled to such relief.

**As to Count I – Maryland Credit Grantor Closed End Credit Provisions ("CLEC")**

35.     Santander restates and incorporates its answers to the allegations contained in Paragraphs 1 through 34 of the Complaint.

36.     Paragraph 36 of the Complaint states a conclusion of law as to which no response is required.  To the extent that a further response is required, Santander states that as to Rota-McLarty, Maryland's Credit Grantor Closed End Credit Act, Md. Code Commercial Law § 12-1001, et seq. ("CLEC"), speaks for itself.  Santander denies the allegations in Paragraph 36 to the extent that they are inconsistent with CLEC.  As to the other putative class members, Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint states a conclusion of law as to which no response is required.  To the extent that a further response is required, Santander states that CLEC speaks for itself.  Santander denies the allegations in Paragraph 37 to the extent that they are inconsistent with CLEC.

38.     Paragraph 38 of the Complaint states a conclusion of law as to which no response is required.  To the extent that a further response is required, Santander states that as to the Rota-McLarty transaction, CLEC speaks for itself.  Santander denies the allegations in Paragraph 38 to the extent that they are inconsistent with CLEC.  As to the other putative class members, Santander lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Santander denies the allegations contained in Paragraph 39 of the Complaint.

40.     Santander denies the allegations contained in Paragraph 40 of the Complaint.

41.     Santander admits that Drive took possession of Plaintiff's automobile, that the car was sold at an auction open to any automobile dealer, and that a deficiency balance is due from Rota-McLarty.   Santander denies all other allegations contained in Paragraph 41 of the Complaint.

42.     The Complaint contains no Paragraph 42.  Therefore, no response is required.

43.     Santander denies the allegations contained in Paragraph 43 of the Complaint.

44.     Santander denies the allegations contained in Paragraph 44 of the Complaint.

**As to Count II – Maryland Consumer Debt Collection Act**

45.     Santander restates and incorporates its answers to the allegations contained in Paragraphs 1 through 44 of the Complaint.

46.     Paragraph 46 of the Complaint states a conclusion of law as to which no response is required.  To the extent that a further response is required, Santander states that Maryland's Consumer Debt Collection Act ("CDCA"), Md. Code Commercial Law §14-201 speaks for itself.  Santander denies the allegations contained in Paragraph 46 of the Complaint to the extent that they are inconsistent with the CDCA.

47.     Santander denies the allegations contained in Paragraph 47 of the Complaint.

**As to Count III – Unfair and Deceptive Practice**

48.     Santander restates and incorporates its answers to the allegations contained in Paragraphs 1 through 47 of the Complaint.

49.     Santander denies the allegations contained in Paragraph 49 of the Complaint.

50.     Santander denies the allegations contained in Paragraph 50 of the Complaint.

**First Affirmative Defense**

51.     Plaintiff may not have or recover judgment against Santander because she failed to name the proper defendant.

**Second Affirmative Defense**

52.     Neither Rota-McLarty nor other putative class members may recover judgment against Santander because they have not suffered any actual injury, loss, or damage.

**Third Affirmative Defense**

53.     Neither Rota-McLarty nor other putative class members may recover judgment against Santander because on information and belief none of them made any payments to Santander or Drive in excess of the principal balance due after receiving the allegedly defective repossession notices.

**Fourth Affirmative Defense**

54.     Plaintiffs fail to allege an actual case or controversy sufficient to maintain an action for a declaratory judgment.

**Fifth Affirmative Defense**

55.     The applicable Statute of Limitations bars some or all of the claims asserted in this action.

**Sixth Affirmative Defense**

56.     Upon information and belief, the claims of some putative class members are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, or ratification.

**Seventh Affirmative Defense**

57.     Upon information and belief, the claims of some putative class members are barred by the doctrines of accord and satisfaction, estoppel, *res judicata*, or release.

**Eighth Affirmative Defense**

58.     Neither Rota-McLarty nor other putative class members may pursue the claims asserted in this action because they are barred from doing so by operation of an arbitration agreement that applies to their installment sale contracts.

**Ninth Affirmative Defense**

59.     By virtue of their prior conduct, Rota-McLarty and other putative class members are estopped from asserting rights including, but not limited to, statutory rights under CLEC and CDCA.

**Tenth Affirmative Defense**

60.     Upon information and belief, the claims of Rota-McLarty and other putative class members are barred by the doctrine of unclean hands.

**Eleventh Affirmative Defense**

61.     As a matter of law, based on the allegations contained in the Complaint, this case is not appropriate for certification as a class action, and all class allegations and class claims should be stricken or dismissed.

**Twelfth Affirmative Defense**

62.     Class certification is not appropriate in this case because common questions of law or fact do not predominate over individual issues.

**Thirteenth Affirmative Defense**

63.     Class certification is not appropriate in this case because the claims and defenses associated with Rota-McLarty' Retail Installment Sale Contract are not typical of the claims and defenses associated with other purported class members.

**Fourteenth Affirmative Defense**

64.     Class certification is not appropriate in this case because Rota-McLarty cannot adequately represent the proposed class.

**Fifteenth Affirmative Defense**

65.     Class certification is not appropriate in this case because a class action is not superior to other methods available for adjudicating Rota-McLarty' claims and the claims of the other purported class members.

**Sixteenth Affirmative Defense**

66.     Contrary to the statement contained in the Complaint, Rota-McLarty waived her right to a jury trial, and on information and belief other members of the putative class did so as well.  Therefore, neither Rota-McLarty nor the other putative class members are entitled to a jury trial, and the claim for a jury trial should be stricken.

**Seventeenth Affirmative Defense**

67.     Santander intends to and will rely upon such other and further defenses as may become available or apparent during the course of this action and gives notice that it reserves and will rely upon all defenses it may have as to any of the absent members of the putative class if a class is certified in this action.  Santander further reserves the right to assert its own counterclaims against Rota-McLarty or any other member of the putative class to the extent required in order to preserve its rights.

WHEREFORE, Santander demands judgment against Rota-McLarty and all putative class members, dismissing the Complaint with prejudice and granting such further relief as this Court deems appropriate.

Respectfully submitted,

Dated:  April 14, 2010

_____/S/_____
William Rudow (Bar No. 09937)
Rudow Law Group, LLC
5603 Newbury Street
Baltimore, MD  21209-3603
(410) 542-6000
WilliamRudow@RudowLaw.com

_____/S/_____
John A. Houlihan
Thomas Wintner
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

Attorneys for Defendant,
*Santander Consumer USA, Inc.*